IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA; and,
NINE NAMED FEDERAL EMPLOYEES,

      Plaintiffs,                    CIV-S-04-1263 FCD GGH PS

  vs.

WILLIAM J. BIGGS and BETTY BIGGS,

      Defendants.                ORDER

_____/

        On November 6, 2007, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days. Defendants filed objections on November 13, 2007, November 19, 2007 and January 22, 2008. Plaintiffs filed a reply to defendants' objections on February 6, 2008, and they were considered by the district judge.

        This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v.

1

United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the Findings and Recommendations in full. Accordingly, IT IS ORDERED that:

1. The Findings and Recommendations filed November 6, 2007, are ADOPTED;

2. The government's October 27, 2006, summary judgment motion is granted and judgment is entered in favor of the government;

3. Defendants, and all those acting in concert with them, are ordered to vacate the unauthorized structures, including the 14'x16' cabin, on Defendants' Crescent Extension and Crescent #2 mining claims, within thirty (30) days of entry of this order;

4. Defendants, and all those acting in concert with them, are ordered to remove from their Crescent Extension and Crescent #2 mining claims all unauthorized buildings, structures, equipment and personal property within ninety (90) days of the entry of this order;

5. Plaintiff United States is permitted to take possession of all unauthorized buildings, structures, equipment and personal property not timely removed by Defendants, and to dispose of it without further order of the Court, notice, administrative action or accounting;

6. A writ of ejectment is issued so that officers of the United States, including the U.S. Marshal and U.S. Forest Service law enforcement officials, may physically remove Defendants and other unauthorized persons from the unauthorized structures on Defendants' Crescent Extension and Crescent #2 mining claims if Defendants, and anyone acting in concert with them, should fail to vacate and remove the structures within the time ordered herein;

7. An injunction is issued prohibiting Defendants, and all those acting in concert with them, from occupying or using their Crescent Extension and Crescent #2 mining claims if such use is in violation of federal law or this Order;

8. The United States of America is declared the sole owner of all structures, including the 14'x16' cabin, located on Defendants' Crescent Extension and Crescent #2 mining claims; Defendants have no legal interest in the structures located on Defendants' Crescent Extension and Crescent #2 mining claims; and the United States of America has the legal right to remove all structures located on Defendants' Crescent Extension and Crescent #2 mining claims, with no notice or compensation owing to Defendants.

9. All Financing Statements, liens, Judgments and Claims of any type, including all "Admiralty" claims, filed or presented by William Biggs against the person or property of the nine named Federal employees are declared false, fraudulent, invalid, null, void, and of no legal effect;

10. The government is granted leave to file the judgment and order of this court with the California Secretary of State, and the Secretary of State is permitted to expunge and remove from all public records each of the false and fraudulent financing statements filed by William Biggs against the property of the nine Federal employees;

11. With respect to any dispute directly or indirectly related to the issues and property in this case, William Biggs and his agents, employees and any others in active concert or participation with him are permanently enjoined from taking the following actions: (a.) Filing or recording any document or instrument of any description, including UCC Financing Statements, judgments and "admiralty claims," which purport to create a debt, lien or record of any kind against the person or property of the nine Federal employees, or any other federal officer or employee, without the prior order of this court; and (b.) Attempting to enforce any Financing Statement, lien, judgment or claim of any kind, including any "Admiralty" claim, against the person or property of the nine Federal employees, or any other federal officer or employee,

1  without the prior order of a recognized court;[1]

2      12. William Biggs is ordered to pay to each of the nine Federal employees

3  statutory damages of $500 pursuant to California Commercial Code § 9625; and

4      13. William Biggs is ordered to pay to the United States of America a civil

5  penalty of $10,000 pursuant to the False Claims Act.

6  DATED: February 25, 2008.

                                        FRANK C. DAMRELL, JR.
                                        UNITED STATES DISTRICT JUDGE

---

[1] The government's request for an order prohibiting the Biggs from taking action to retaliate against or harass the nine Federal employees is denied as unnecessary since the Biggs are under an ongoing obligation to follow the law.

4